IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAXX ENGLISH,[1] | § | |
| | § | No. 86, 2022 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| EVERLY ENGLISH, | § | |
| | § | File No. CS19-01677 |
| Petitioner Below, | § | Petition No. 19-24747 |
| Appellee. | § | |

Submitted: April 25, 2022
Decided: May 3, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On March 11, 2022, the appellant, Maxx English, filed a notice of appeal from a May 28, 2021 Family Court order deciding matters ancillary to English's divorce from the appellee and a January 4, 2022 Family Court order granting the appellee's motion to reopen and modifying the May 28, 2021 order. Under Supreme Court Rule 6, a timely notice of appeal was due on or before

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

February 3, 2022. The Senior Court Clerk issued a notice to English to show cause why his appeal should not be dismissed as untimely filed.

(2)  In his response to the notice to show cause, English, who was represented by counsel in the ancillary matters proceeding but responded *pro se* to the appellee's motion to reopen, states that he learned about the orders during a case-management conference held in a related custody proceeding in the Family Court on March 11, 2022, and immediately filed a notice of appeal. In support of his position, English has attached a letter from the Family Court dated March 16, 2022. The Family Court (i) acknowledged that English had advised the court that he had not received the May 28, 2021 order or the January 4, 2022 order; (ii) advised English that the court record reflects that copies of the orders had been sent to his attorney; and (iii) enclosed copies of the orders for English's records.

(3)  At the request of the Court, English's counsel addressed English's response to the notice to show cause. Counsel advises the Court that he received the Family Court's May 28, 2021 order on June 1, 2021, and that his standard practice upon receiving a court order is to review it and have staff mail a copy to the client for his review and information. Counsel has no specific recollection of mailing the Family Court's May 28, 2021 order to English. Counsel also advises the Court that he received the Family Court's January 4, 2022 order by email and, because he was no longer representing English, took no further action.

2

(4)     The Court also asked the appellee to address English's response to the notice to show cause.  The appellee notes that English must have been aware of the Family Court's May 28, 2021 order because he stated in his *pro se* response to the appellee's motion to reopen that he received the Family Court's May 28, 2021 order on August 31, 2021.  The appellee also argues that if English had not received the Family Court's order until August 31, 2021, then he was on notice that he was not receiving mail in a timely fashion and that it was incumbent upon him to take reasonable steps to ensure that future information from the court reached him.

(5)     The circumstances presented here are unique.  Assuming that English received the Family Court's May 28, 2021 order and *had* filed a timely notice of appeal, the Court would have issued a notice to English to show cause why his appeal should not be dismissed as an apparent interlocutory order in light of the pending motion to reopen filed by the appellee on June 9, 2021.  Given the ambiguity of the record as to whether English received the Family Court's January 4, 2022 order—the final order in this case—we conclude that the best course of action is to remand this matter to the Family Court.  Upon remand, the Family Court should vacate its January 4, 2022 order and reissue it in order to permit English the opportunity to file a timely notice of appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the matter is REMANDED to the Family Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice